## Allen v. Shirley.

December 3, 1946.

694

R. L. Hardin for appellant.

R. J. Wade for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At the January, 1948, term of the Carroll County Quarterly Court the appellant, Dr. Ellis S. Allen, recovered a judgment against Robert P. Scott for the sum of $125 and costs. The appellee, Mabel Shirley, was then, and had been since 1944 when she was appointed as such, Clerk of that Court. On April 14, 1948, appellant filed this action in the Carroll circuit court against the appellee seeking a mandamus against her compelling her to issue an execution on the judgment alleging in his petition the above facts and that he through his attorney had "repeatedly requested the defendant * * * to issue an execution upon said judgment, but that she has failed and refused and still fails and refuses to issue same." She demurred to the petition which the court overruled. She then denied of record "each and every affirmative allegation contained" in the petition. The next order appearing in the record is the judgment of the court appealed from, which is in this language:

"This action coming on for hearing and heard and the Court being sufficiently advised, it is adjudged by the Court that there are not sufficient facts in evidence to justify the Court to issue the writ of mandamus prayed for in the petition and it is ordered by the Court that Plaintiff's petition be and the same is dismissed, to which Plaintiff objects and excepts."

Appellant then filed what he styled a motion for a new trial relying on two grounds. (1) "That the court failed and refused to hear any evidence on behalf of plaintiff" and (2) "error of law occurring at the trial and excepted to by plaintiff, such error of law being that the evidence for plaintiff, if the court had permitted it to be presented, would have required that the court sustain the motion for mandamus against the defendant." In support of those grounds the attorney for appellant filed his affidavit and made it a part of his motion

for a new trial stating in substance that he had requested appellee to issue execution on the quarterly court judgment in favor of his client, the appellant, and her refusal to do so. The motion for a new trial was overruled, followed by this appeal.

No evidence was heard at the trial but the bill of exceptions shows that it was agreed that the attorney for appellant had requested appellee to issue execution on the quarterly court judgment but no date was given as to when such requests were made, and in a supplement to appellant's brief filed in this court he states that the judge of the Carroll quarterly court informed him about the first of June, 1948, that the quarterly court judgment of appellant against Scott had been paid. In the same supplemental brief he says that "the defendant had issued this execution and neither she nor her attorney had ever intimated that it had been issued." The reason why appellee refused to issue the execution on the quarterly court judgment, if she did so refuse, is not shown but it does appear that one was issued and satisfied when the Judge of the quarterly court informed attorney for appellant of such facts.

Since the judgment of appellant against Scott in the Carroll quarterly court has been satisfied, and since it is not made apparent that the refusal of appellee to issue an execution, as charged in the petition, was without legal excuse, the only remaining question is: which of the parties should pay the costs of this litigation? We conclude that the record fails to develop facts sufficient to make appellee liable for the costs, from which it follows that the judgment should be and it is affirmed.